[No. 19159.   Department Two.   September 14, 1925.]

JOHN ARBINI, *Appellant,* v. WALLA WALLA GARDNERS'
ASSOCIATION, *Respondent.*[1]

APPEAL (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FIND-
INGS.  Findings in an equity case are conclusive as to the facts
where no exceptions were taken.

JURY (20)—RIGHT TO JURY TRIAL—WAIVER.  A claim of right to
trial by jury cannot be made where an order entered under Rem.
Comp. Stat., § 316, shows that a jury had been waived.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered July 2, 1924,
upon findings in favor of the defendant, dismissing an
action to recover a membership fee in an association,
and for an accounting.   Affirmed.

*J. W. Brooks,* for appellant.

*Herbert C. Bryson,* for respondent.

MITCHELL, J.—John Arbini was a member of the
Walla Walla Gardeners' Association, a non-profit co-
operative association.  He was expelled by the trustees
for violating the rules of the association governing the
marketing of products and failure to pay a fine im-
posed.  He appealed from the order of the trustees to
the full membership, at a meeting of which due notice
was given and hearing had according to the constitu-
tion and by-laws of the association.  The order of the
trustees was approved and sustained.  It had the effect
of forfeiting "all his rights of every kind and char-
acter, including all rights in the money or property
of the association," as provided by the constitution of
the association.

He brought this action, not for reinstatement as a
member or to review the proceedings by which he had
been expelled, but to recover his membership fee and

[1] Reported in 238 Pac. 977.

for an accounting. The court made and entered findings of fact and conclusions of law against him. He has appealed from a judgment thereon dismissing the action.

The appellant's brief has no formal assignment of error, but it does distinctly and clearly present and argue two, and only two, objections to the proceedings in the trial court. First, it is contended that the appellant was despoiled of his rights by the arbitrary action of the association through its officers and members; and second, that the trial court erroneously refused to grant him a trial by jury. Concerning the first point, the record shows that the trial court entered findings, distinctly and separately numbered and clearly and specifically setting out in detail the proceedings had, notice given and hearing had, in which hearing the appellant with his counsel participated, by and further finding that all such steps and the order and vote of the officers and members of the respondent association were in accordance with the rules of the association, and that the decision of the respondent by its officers and members was without fraud. To these written findings, or any of them, the appellant took no exception, either orally at the time they were made or in writing at any time thereafter. The findings are binding and conclusive so far as the facts are concerned.

As to the point that the appellant was entitled to a trial by jury, if it be taken that the action is one at law, the record shows an order entered that a trial by jury had been waived, under the terms of Rem. Comp. Stat., § 316, which order is in no way questioned or sought to be explained away by the appellant.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.